UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARRY LEE SMALLEY,

    Plaintiff,

v.                                Case No. 09-C-576

BYRAN BARTOW, et al.,

    Defendants.

**ORDER**

Plaintiff Barry L. Smalley, who is confined at the Wisconsin Resource Center ("WRC") under a civil commitment as a sexually violent person, *see* Wis. Stat. ch. 980, has filed an action under 42 U.S.C. § 1983 claiming that his constitutional rights have been violated.[1] More specifically, Smalley alleges that defendants failed to protect him from attack by a pen-wielding fellow patient at the WRC. The defendants are all employees of the WRC: Director Byran Bartow, Unit Manager Leon Lipp, and other unnamed WRC employees ("subordinates" and "PCT's").

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*,

---

[1] Smalley appears to seek to litigate this case as a class action. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the class must be provided adequate representation. Because of this requirement, courts have repeatedly declined to allow pro se prisoners to represent a class in a class action. *See, e.g.*, *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it would be plain error to permit imprisoned pro se litigant to represent his fellow inmates in a class action); *Caputo v. Fauver*, 800 F. Supp. 168, 169-70 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action."). Thus, the plaintiff is advised that obtaining an attorney is a prerequisite to class certification.

pursuant to 28 U.S.C. § 1915. And because he is under a Chapter 980 commitment, as opposed to a sentence for a crime, the Prisoner Litigation Reform Act (PLRA), which, *inter alia*, requires payment of the full filing fee over time, does not apply. *West v. Macht*, 986 F. Supp. 1141, 1142-43 (W.D. Wis. 1997).

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed the required affidavit of indigence. Though the affidavit does not indicate his current assets, beyond the fact he has no bank accounts, Smalley's income is limited to an institutional job for which he receives about $30 per month. The affidavit also notes that Smalley owes around $64,000 in child support obligations. Where it is not economically unfair for a plaintiff to pay a portion of the filing fee, I have authority to order payment of a portion of the expense while waiving the remainder. *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987). Here, I conclude Smalley does not have sufficient income or assets to pay a meaningful portion of the filing fee. Accordingly, the entire filing fee will be waived.

Though individuals who are involuntarily committed, rather than convicted, are not deemed prisoners under the Prison Litigation Reform Act, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him

to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With these standards in mind, I now turn to the allegations of Smalley's complaint.

Smalley claims that defendants violated their duty to protect him from a substantial risk to serious harm when they failed to prevent his assault at the hands of a fellow patient, referred to here as R.N. According to the complaint, on June 6, 2009, R.N. "stabbed" Smalley in the back with a pen. (Compl. at 2.) After the altercation WRC staff temporarily removed R.N. from Smalley's unit and Smalley was seen by a nurse, who determined the pen did not break Smalley's skin. (*Id.*) ("she [a WRC nurse] stated that the wound was'nt [sic] and [sic] open wound . . . .") Although the pen did not break Smalley's skin this lawsuit has the potential of breaking the bank, as Smalley requests damages of a quarter million dollars from each defendant for his alleged injuries.

"Prison officials have a duty to take reasonable steps to insure the safety of inmates, including harm done by one inmate to another." *Pope v. Shafer*, 86 F.3d 90, 91-92 (7th Cir. 1996) (*citing Farmer v. Brennan*, 511 U.S. 825, 832-34(1994)). Where an inmate is exposed to conditions posing a substantial risk of serious harm, prison officials who are deliberately indifferent to such a risk to inmate health and safety violate the Eighth Amendment. *Farmer*, 511 U.S. 825 at 834. "An inmate will sufficiently state an Eighth Amendment failure-to-protect violation by alleging facts that, if true, prove that prison officials were aware of a *specific*, impending, and substantial

3

threat to his safety." *Clark v. Doe*, 202 F.3d 272, 1999 WL 994019, *1 (7th Cir. Oct. 27, 1999) (unpublished decision) (*citing Shafer*, 86 F.3d at 92.) Merely alleging that a prison official was negligent in protecting against an assault at the hands of another inmate will not trigger liability under the Eighth Amendment, as a plaintiff must establish that the defendant knew of a risk (or a high probability of the risk) and did nothing. *Shafer*, 86 F.3d at 92. The protections afforded prisoners under the Eighth Amendment are available to involuntarily committed persons by operation of the Due Process Clause of the Fourteenth Amendment. *See Guzman v. Sheahan*, 495 F.3d 852, 856-57 (7th Cir. 2007) (pre-trial inmate's § 1983 claims analyzed under Fourteenth Amendment rather than Eighth Amendment).

Smalley fails to state a claim with his allegations that defendants failed to protect him, as the facts he alleges–being stabbed in the back with a pen that did not even break the skin–cannot, even when viewed in a light most favorable to him, constitute a risk of serious harm. Though Smalley avers that R.N. lacked "proper supervision," his allegation fails to set out anything that defendants failed to do which resulted in him being exposed "to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer*, 825 U.S. at 843 (*quoting Helling v. McKinney*, 509 U.S. 25, 35 (1993)). If an isolated and short-lived fist fight does not constitute a risk of serious harm, *Lytle v. Gebhart*, 14 Fed.Appx 675, 678, 2001 WL 838399, *2 (7th Cir. July 23, 2001) (unpublished decision), neither does an isolated stab with a pen on the back which does not break the skin.

Further, the complaint fails to sufficiently allege that the risk was substantial. A plaintiff may state a claim of deliberate indifference based upon a prison official's knowledge that a particular inmate poses a heightened risk of assault to the plaintiff. *Weiss v. Cooley*, 230 F.3d 1027,

4

1032 (7th Cir. 2000) (*citing Billman v. Ind. Dept. of Corrections*, 56 F.3d 788, 788 (7th Cir. 1995)).

The Seventh Circuit has discussed the substantial risk requirement as follows:

> When our cases speak of a "substantial risk" that makes a failure to take steps against it actionable under the Eighth or Fourteenth Amendment, they also have in mind risks attributable to detainees with known "propensities" of violence toward a particular individual or class of individuals; to "highly probable" attacks; and to particular detainees who pose a "heightened risk of assault to the plaintiff."

*Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). Here, Smalley alleges that the incident was foreseeable as R.N. "was dangerous and demonstrated violent acts or behavior" based upon R.N.'s history of using a pair of boots to pound on an office door, a previous attack by R.N. on a WRC staff member, and an incident where R.N. struck another WRC patient with a mop handle, giving the other patient a bloody nose. (Compl. at 2.) Though the complaint alleges that R.N. had engaged in disruptive and violent behavior in the past, the complaint fails to adequately allege that R.N. had a propensity of violence toward Smalley or a class of individuals to which Smalley belonged. This is unlike the allegations in *Billman*, where the plaintiff alleged that he was raped by his HIV-positive cellmate and was known to make a practice of raping his cellmates. 56 F.3d 788. As the complaint presents nothing to suggest that Smalley was at any greater risk of being assaulted by R.N. than any other patient or employee of the WRC, it fails to adequately allege a substantial risk.

Further, the complaint fails to allege that defendants had the requisite intent to be found deliberately indifferent. Smalley really presents a claim of negligence, which cannot support a claim of deliberate indifference. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.") (citations omitted). This is evident in his discussion of the defendant's "duty of care" which Smalley contends was breached and has caused him injury. (*Id.*) Elsewhere Smalley faults the defendants for their "on going Negligence." (*Id.* at 3.)

5

Accordingly, because Smalley's allegations are insufficient to state a claim that defendants were deliberately indifferent to a substantial risk of serious harm, this matter will be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**IT IS ALSO ORDERED** that copies of this order be sent to the Director of the WRC and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this 17th day of June, 2009.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge

6
Case 1:09-cv-00576-WCG   Filed 06/18/09   Page 6 of 6   Document 3